## Case No. 11,645a.

### REED et al. v. The FANNY.

[23 Betts, D. C. MS. 137.]

District Court, S. D. New York. Nov. 15, 1858.

JUDGMENT—RES JUDICATA—HOW PLEADED IN ADMIRALTY—DEFECTS IN PROCEEDINGS—WAIVER.

[1. A prior decree on the same cause of action, as a defense in an admiralty cause in favor of the party for whom it was rendered, should be given in evidence, and not set up by summary motion to prevent further hearing or to try the fact upon affidavits.]

[2. The defect of beginning a former proceeding in admiralty by warrant of arrest against the vessel, instead of summons, is waived by the concurrence of the other party in new proceedings on the same cause of action.]

[This was a libel for seamen's wages by Mills Reed and others against the schooner Fanny, James S. Henkle, claimant. Heard on claimant's motion to set aside the process.]

Beebe & Donohue, for claimants.

A. Nash, for libellant.

BETTS, District Judge. The libellants proceeded in rem against the above schooner to recover wages for a voyage on board her from the port of Norfolk in Virginia to this port, where she arrived by the way of Cuba about the 9th of September last. The libel was filed on the 25th of September,

and the warrant of attachment was issued thereon the same day, and was served upon the vessel the 12th of October thereafter. On the 2d [22d] of October, Henkle appeared, boarded the vessel, and interposed a claim to the vessel by Vance, her master. On the 23d of October the proctor for the libellant filed his caveat in court against the admission of the intervention of the claimant unless the stipulation or security for costs had been given by him pursuant to the rules of the court, without which the proctor of the libellant insisted that the default of the claimant was perfect. On the same day the proctors of the claimant obtained an order from the judge of the court, allowing the claimant, because of the sickness of his proctor, until the 26th of October to file an answer in the action, which order of the judge was also filed the 23d of October.

The warrant of attachment was returned by the marshal the 12th of October, and the libellant obtained an order of court the same day that the marshal published notice to all persons to appear and intervene for their interest in the cause on the 19th day of October. The marshal on the 19th of October returned and filed his return to the order, that such publication had been made, upon which return the libellant obtained an order for a default nisi, whereupon a proctor appeared and moved an allowance of time to put in his answer until the 23d, which was granted him by the court. It is alleged that the libellant took proofs in the cause by depositions on the 11th of October, and that the claimant also examined witnesses on his side on the 23d of October, and that the vessel was thereafter dispatched to sea, and has since remained out of the jurisdiction of the court. Some time in October—the date does not appear upon the papers—the proctors of the claimant served upon the proctor of the libellant an affidavit of John Vance (master of the vessel), with the following notice: "On the foregoing affidavit, and on the proceedings therein referred to before Joseph Bridgham, a motion will be made before this court on the 26th day of October, 1858, at the opening of the court on that day, or as soon thereafter as counsel can be heard, that the process herein be set aside, or for such relief as may be just. Dated October 5th, 1858." The jurat of the affidavit was dated October 7th. It alleged that the crew (of which libellant was one) on the arrival of the vessel from her aforesaid voyage "at and off Staten Island, and before the discharge of any part of the cargo, and before the arrival of the vessel at her port of destination, refused to work or further perform duty; that they were taken out of the vessel for the offence, and that after being taken out they procured a summons from Joseph Bridgham, a commissioner, etc., who heard the claim and denied them a certificate, whereupon the libellants, without security, or application to the court,

or any order of the court, instituted this suit and issued process, and deponent's vessel has been and now is arrested and under arrest of the United States marshal at the suit of the plaintiff. That the cause of action on the two suits are identical and the same in all respects."

The hearing of the motion was deferred, between the respective proctors, from time to time after the 26th of October until the papers were mutually by them submitted to the court without argument on this day. The case stands substantially upon the positions presented in that of Robinson v. The Lillie Mills [Case No. 11,958], decided on the 8th instant. The merits of the motion consist in the assumption that the libellant has before had a trial of the same cause in another tribunal, and a decision therein against him, and that he is thereby barred bringing this suit for the same subject matter. If the claimant had obtained judgment against the libellant upon this demand, that fact may be given in evidence in this action. Young v. Black, 7 Cranch [11 U. S.] 567; 1 Chit. Pl. 472. And that defence is the proper mode of relief, and not an application by summary motion to prevent a further hearing, or try the fact of a prior judgment upon affidavits.

The court accordingly will not now inquire under this mode of procedure whether the hearing before the commissioner was on the merits, or if the matter was disposed of on points of form merely. If an effective hearing was not had between the parties before a commissioner, and this case ought in law to have been commenced by summons, and not by warrant of arrest against the vessel, the omission to proceed by summons and hearing on its return conformably to the provisions of the act of congress of July 20, 1790 [1 Stat. 131], would be an irregularity of practice, which might be waived by the claimant, and then the direct action against the vessel in the first instance would be sustainable. The Lillie Mills, above cited. An acquiescence in the new proceedings, and especially a concurrence in them, is tantamount to an explicit waiver of all irregularities which may have occurred, and an adoption of the present action as the proper one in which the merits of the controversy are to be determined. This is a familiar principle in the practice of common law courts (Grah. Prac. 566, 567), and was approved and adhered to in the United States circuit court in this district. In the case of Sedgwick v. Huygens [Case No. 12,613a], where a party had been arrested or held to bail on a capias returnable out of term, and also on Sunday, the defendant gave notice of appearance by attorney and applied to a judge and obtained an order to mitigate bail and subsequently moved to quash the writ for irregularity, Judge Thompson held that by those proceedings the defendant had waived the irregularities,

and he was allowed no further relief than an extension of time to put in his plea to the action, and under the condition that he take short notice of trial. The practice of admiralty courts is still more largely relieved of strictness in forms and technicalities than those of law, it being the governing spirit of civil law tribunals to mould their processes and procedures so as best to attain the ends of justice and fair right between litigant parties. Betts, Adm. 57; Ben. Adm. §§ 358, 483.

In my opinion, the motion made by the claimant in this case is out of time, the right to resort to it having been lost or relinquished by the positive acts of the claimant in the cause, after the irregularities complained of were known to him. Decree accordingly.